13-3370-cv
*O'Callaghan v. New York Stock Exchange*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand fourteen.

PRESENT:
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

---

JAMES O'CALLAGHAN,

> *Plaintiff-Appellant,*

> v.          No. 13-3370-cv

NEW YORK STOCK EXCHANGE, DUNCAN NIEDERAUER, VIRGINIA HARNISCH, W. KWAME ANTHONY, TOM BRUNO, MIKE DALTON, VINCENT MURPHY,

> *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**      James O'Callaghan, *pro se*, New York, New York.

**FOR DEFENDANTS-APPELLEES:**      Douglas W. Henkin, Milbank, Tweed, Hadley & McCloy LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment is **AFFIRMED**.

Appellant James O'Callaghan, proceeding *pro se*, appeals from the District Court's order and judgment, entered August 6, 2013, dismissing his complaint and enjoining him from filing any further actions against the Appellees or any other of the New York Stock Exchange's current or former employees without first obtaining leave of court. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's decision to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), we look for such allegations by affording the litigant "special solicitude, interpreting the complaint to raise the strongest claims that it suggests," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks and alterations omitted).

Having conducted an independent and *de novo* review of the record in light of these principles, we conclude that the District Court properly determined that O'Callaghan's claims were barred by claim and issue preclusion. We further conclude that the District Court's dismissal of O'Callaghan's complaint on alternative grounds of failure to state a claim and self-regulatory organization and qualified immunity was sound. Accordingly, we affirm the judgment of the District Court, insofar as it is based on those reasons and conclusions set forth in Magistrate Judge Netburn's thorough report and recommendation, which the District Court adopted over O'Callaghan's timely objection. *See O'Callaghan v. N.Y. Stock Exch.*, No. 12 Civ. 7247 (AJN) (SN), 2013 WL 3984887 (S.D.N.Y. Aug. 2, 2013).

Finally, because O'Callaghan explicitly agreed to the filing injunction, *see* Pl.'s Objection to Report & Recommendation 10, May 17, 2013, ECF No. 26, he has therefore waived any right to challenge it on appeal. Moreover, he fails to raise a challenge to the injunction in his brief. *See*

2

*Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have considered all of the arguments raised by O'Callaghan on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's August 6, 2013 judgment.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk